## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ANA GALAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 07-cv-02295-CM-DJW** |
| | ) | |
| **NEBRASKA FURNITURE MART, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### STIPULATED PROTECTIVE ORDER

The Court, upon the joint request of Plaintiff and Defendant (collectively, the "parties"), and for good cause shown, approves and enters the following Stipulated Protective Order:

1.     Purpose of Order. The purpose of this Order is to prevent the disclosure of documents and information deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this lawsuit. The Order is necessary to protect both the parties and other persons from annoyance, embarrassment, and oppression, as well as to safeguard confidential business and proprietary information. Discovery in this case may seek the following documents and information of a private or confidential nature from parties and nonparties:  Plaintiff's medical, mental health, employment, education, payroll and financial records; personnel files of present and former Nebraska Furniture Mart ("NFM") employees; complaints of discrimination or harassment filed by present and former NFM employees and documents that relate to the investigation and remediation of those complaints; proprietary or trade secret information relating to NFM's business, business operations or customers, and other documents and information of a private or confidential nature. The privacy

interests in such documents and information substantially outweigh the public's right of access to judicial records.  Accordingly, good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c).

2.      Confidential Documents and Information. The parties have agreed that the following categories of documents, and the information contained in them, if produced or disclosed during the litigation, shall be treated as confidential and used only for purposes of this lawsuit:

      a.    Medical, mental health, employment, education, payroll and financial records of Plaintiff;

      b.    Personnel records, payroll records, benefit records, health records, performance ratings, and individually identifiable records that pertain to present or former employees of, or applicants for employment with NFM;

      c.    Complaints of discrimination or harassment made by present or former employees of NFM and documents that relate to the investigation or remediation of those complaints and which are confidential and not part of the public record, including but not limited to witness statements, notes of investigators, reports or memoranda that contain findings, conclusions, or recommendations of investigators, and memoranda or other documents that reflect or discuss actions taken or considered in response to the complaints or to the investigators' findings, conclusions, or recommendations;

      d.    Financial and accounting records of NFM that are confidential and

not part of the public record, including but not limited to tax returns, annual reports, profit and loss statements, balance sheets, billing records, marketing strategies, customer lists, net worth information, projected financial information, and business plans; and

e. Proprietary or trade secret information relating to NFM's business, business operations, or customers.

By protecting the above categories of documents and information, this Order does not guarantee that such documents or information will be produced. The requesting party must still establish the relevance of such documents or information. This Order shall not apply to information that is available to the public or to information that is lawfully obtained from sources other than the parties through the discovery process.

6. Definitions.

a. "Document." As used in this Order, "document" shall mean any written, recorded, graphic, or other matter, whether produced, reproduced, or stored on paper, cards, tapes, discs, belts, charts, film, computer storage devices, or any other medium, and includes, but is not limited to, agreements, applications, calendars, charts, complaints, correspondence, diagrams, diaries, drafts, drawings, electronic mail, evaluations, files, graphs, interrogatory answers, journals, ledgers, letters, manuals, memoranda, minutes, notes, photographs, plans, proposals, records, reports, responses to requests for admissions,

statements, stenographic recordings, studies, tape recordings, transcripts, and video recordings.

b.  "Confidential document." As used in this Order, "confidential document" means any document designated as confidential in the manner provided by paragraph 4 of this Order.

3.  Designating Documents as Confidential. Any party to this action may designate as confidential a document produced after entry of this Order by conspicuously stamping or labeling the document with the word "Confidential." A document consisting of multiple documents or pages, such as a personnel file or report, may be designated as confidential in its entirety by stapling or binding the documents or pages together and stamping or labeling the cover or first document or page with the word "Confidential." Documents produced by either side shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion, except as provided in this Order. The inadvertent failure to designate a document as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the document and the information in it shall be treated as confidential only after being properly designated. Unless otherwise ordered by the Court, only documents relating to the subjects enumerated in paragraph 2 may be designated as confidential. Parties to this action may designate deposition testimony relating to the subjects enumerated in paragraph 2 as confidential by advising opposing counsel of record, in writing, within 20 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition that the party believes fall under paragraph 2. Alternatively, any party may, on the record at the deposition, designate deposition

testimony as confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

       4.       Disclosure of Confidential Documents or Information. Confidential documents and the information contained in them are to be treated as such by the party receiving them and shall be utilized by such party only for the prosecution or defense of this case. All confidential documents and the information contained in them shall be deemed subject to this Order unless otherwise ordered by the Court. Except as agreed by the parties or ordered by the Court, disclosure of such confidential documents and information is limited to:

      a.   Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court or agreed upon by the parties, and jurors;

      b.   Persons with prior knowledge of the confidential documents or information;

      c.   Counsel of record and other partners, associates and members of their respective firms;

      d.   Counsel's legal and clerical assistants and staff;

      e.   The parties, including NFM's officials, officers, directors, Board of Directors, managerial employees, and any other person with a true need to know such confidential information for the purposes of this litigation;

      f.   Any independent document reproduction services or document recording and retrieval services;

      g.   Any expert witness or outside consultant retained or consulted by any party, but only if such person needs such confidential documents or information;

10

     h.   Any other person of whom testimony is to be taken or is taken, but only in preparation for or during his or her testimony and only to the extent necessary for such preparation or testimony and for the subsequent review of said testimony;

     i.   Insurance carriers of NFM and all agents, adjusters, officials, officers and managerial employees thereof; and

     j.   Any witness provided that counsel has a good faith belief that the witness needs to review the confidential document or information except that any such witness will not be given a copy of the confidential document or information.

2.     Duties of Persons Disclosing Confidential Documents or Information. Prior to disclosing confidential documents or the information contained in them to any person pursuant to Paragraph 5, the person making the disclosure shall: (1) apprise the person to whom disclosure is to be made of their confidential nature; (2) apprise that person that the Court, pursuant to this Order, has enjoined the use of such documents or the information contained in them for any purpose other than the prosecution or defense of this case; and (3) show or deliver to that person a copy of this Order, specifically informing him or her of the contents of Paragraph 7 hereof.  If disclosure is being made to a nonparty, the person making the disclosure shall obtain the nonparty's signed agreement to abide by the terms of this Order.  The terms of this provision do not apply to court personnel or jurors.

3.     Duties of Persons To Whom Confidential Documents or Information Are Disclosed. Each person given access to confidential documents or the information contained in them pursuant to Paragraph 5 of this Order shall segregate such material, keep it strictly secure, and refrain from disclosing it in any manner, and shall keep such documents and information confidential, except as

10

provided by the express terms of this Order.  The terms of this provision do not apply to court personnel or jurors.

4.      Disputes Concerning Designation of Confidential Documents.  In the event that any party to this action disagrees at any stage of the proceedings with the designation of documents as confidential, the party shall first try to resolve the matter on an informal basis.  If the dispute cannot be resolved informally, the party challenging the confidentiality of the information may apply for appropriate relief from this Court. Unless and until this Court enters such an order changing the confidential designation of the document, such document shall continue to be protected as provided for in this Order.

5.      Use of Confidential Documents and Information.  Unless otherwise ordered by the Court, the parties and their counsel have the right to use confidential documents and the information contained in them in the trial of this case. The parties and their counsel shall exercise reasonable care not to disclose confidential documents and the information contained in them by placing them in the public record in this case. In the event confidential documents or the information contained in them are used in any court proceeding in this case, including depositions, such documents or information shall not lose their confidential status, and the parties shall take all steps reasonably required to protect the confidentiality of the documents or information during such use.  Any party desiring to file with the Court any pleading with confidential documents attached or which contains information derived from such documents shall first file an appropriate motion with the Court to permit the filing under seal.  The motion and attachments shall be filed in accordance with part II.J. of the Court's Administrative Procedures for electronically filing documents under seal, found at www.ksd.uncourts.gov under "ECF Rules and Procedures."  If the motion is granted, the Court will

10

enter electronically the order authorizing the filing of the documents under seal. The Court will also direct the Clerk of the Court to grant to all attorneys who have entered an appearance in that case (and whose appearance has not been terminated) the ability to view sealed documents in that case (assuming this access has not previously been granted). The filing party shall then file its documents electronically under seal. If the motion is denied, the Court will enter electronically an order denying the filing of the documents under seal.

6.    Right to Object and Privileges Not Waived. The parties do not waive any right to object at trial to the admissibility of any document that falls under the scope of this Order or the right to file a motion in limine regarding the use of any such document or the information contained in it. Further, the parties do not waive any legal right or privilege to object to the production of any document, including, but not limited to, any right or privilege under the work product doctrine or attorney-client privilege.

7.    Binding Effect of This Order. This Order is binding upon the parties and all counsel for the parties. This Order is not binding upon nonparties, however a signed agreement to abide by the terms of this Order, as described in Paragraph 6, may be enforced against a nonparty under state contract law principles.

8.    Return of Confidential Documents. At the conclusion of this litigation, the parties' respective counsel shall, upon written request of the other party, return all confidential documents which fall under the scope of this Order, including all copies. The parties however, retain the right to keep any confidential documents that were admitted as exhibits in this case. Absent such request, at the conclusion of the litigation, all confidential documents and information derived from them shall be kept strictly confidential. Following termination of the litigation, the provision of this

10

Order relating to the confidentiality of the documents and the information contained in them, shall continue to be binding, except with respect to documents that are no longer confidential and if no request for the documents is made as set forth above.

9.     Nothing in this Order prevents a party from seeking additional protections with respect to the confidential documents and the information contained therein or from supplementing or modifying the terms of this Order.

IT IS SO ORDERED.

Dated this 13th day of February 2008 in Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

10

APPROVED:

/Anne Schiavone/

Anne Schiavone, KS#19669
Kirk Holman, KS#19558
Holman Schiavone, LLC
4600 Madison, Ste 810
Kansas City, Missouri 64112
816-293-8738
816-283-8739 (fax)
aschiavone@hslawllc.com
kholman@hslawllc.com
Attorneys for Plaintiff

/Stephanie Mendenhall/

Stephanie Mendenhall, KS#21045
Anthony Romano, KS#13486
Polsinelli Shalton Flanigan Suelthaus
700 W. 47th Street, Ste 1000
Kansas City, Missouri 64112
816-753-1000
816-753-1536 (fax)
tromano@polsinelli.com
smendenhall@polsinelli.com
Attorneys for Defendant

026260 / 115271
SLMEN  1627495